

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 9331 | DATE | 8/5/2004 |
| CASE TITLE | OUTBOARD MARINE CORPORATION vs. DAVID SCOT LYNN | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: David Scot Lynd's appeal from the order of the U.S. Bankruptcy court for the Northern District of Illinois is dismissed for lack of jurisdiction. This case is hereby terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 0 9 2004 | 9 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | U.S. DISTRICT COURT  2004 AUG -5 PM 5:38  Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID SCOT LYND, ) | |
| ) | |
| Appellant, ) | Judge Ronald A. Guzmán |
| ) | |
| v. ) | 03 C 9331 |
| ) | |
| OUTBOARD MARINE CORPORATION, ) | Appeal from 00 B 37405 |
| ) | |
| Appellee. ) | |

DOCKETED AUG -9 2004

## MEMORANDUM OPINION AND ORDER

Before the Court is Debtor Outboard Marine Corporation's ("OMC") Motion to Dismiss David Scot Lynd's ("Mr. Lynd") bankruptcy appeal. For the reasons provided below, the appeal is dismissed for lack of jurisdiction.

## BACKGROUND

On August 29, 1998, Mr. Lynd received a default judgment in the amount of $597,682.44 in a third-party insurance claim for property damage against OMC. Subsequent to the judgment, OMC filed for bankruptcy protection.

Seeking immediate payment of the money, Mr. Lynd filed a *pro se* Motion to Compel in the bankruptcy court on November 3, 2002. In that motion, Mr. Lynd argued that because OMC was self-insured, OMC was required by the Texas Property and Casualty Insurance Guaranty Act, TEX. INS. CODE ANN. art. 21.28-C § 1 *et seq.* (Vernon 2000), to have a guarantee fund with the Texas State Board of Insurance, which in the event of bankruptcy, he argues, would guarantee payment of any claims. (Appellee's Mot. Dismiss, Ex. A at 1-2.) He further argued that because OMC did not establish such

a fund, OMC was acting criminally and OMC's trustee's use of the money owed to Mr. Lynd in the bankruptcy estate was illegal, and thus he averred that the money owed "MUST BE RETURNED OUT OF THE LIQUIDATED FUNDS FIRTS, [sic] BEFORE ANY OTHER BANKRUPTCY CLAIMS OR FULFILLED." *Id.*

On November 4, 2003, the bankruptcy court ordered Mr. Lynd's motion "stricken for failure to provide notice and present in the time prescribed by Local Bankruptcy Rules 402(B) and 402(E)(1)." (Bankruptcy Ct.'s Order of 11/4/03.) Mr. Lynd timely appealed to this Court on November 14, 2003.

## DISCUSSION

"District courts sit as appellate courts when hearing appeals from bankruptcy courts and, '[l]ike any federal appellate court, this court has a special obligation to satisfy itself that there is federal jurisdiction to hear the appeal.'" *In re Circle Fine Art Corp.*, Nos. 97 C 1155 & 96 B 3334, 1997 WL 534323, at *1 (N.D. Ill. Aug. 26, 1997) (quoting *In re Bowers-Siemon Chem.*, 123 B.R. 821, 822 (N.D. Ill.1991)). 28 U.S.C. § 158(a) provides in pertinent part that district courts "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees" and "with leave of the court, from other interlocutory orders and decrees . . . ." 28 U.S.C. § 158(a)(1), (3). Accordingly, this Court must determine whether the bankruptcy court's striking of appellant's motion to compel is a final judgment, order, or decree, and if it is not, whether this is a proper interlocutory appeal.

"In the bankruptcy context . . . finality does not require a final order concluding the entire bankruptcy proceeding; certain orders entered prior to the conclusion of the

2

bankruptcy proceeding will be deemed final." *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000). As a result, final orders under section 158(a)(1) are (1) "those orders that ultimately determine a creditor's position in the bankruptcy proceeding, even though administration of the debtor's estate continues," *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1299 (7th Cir. 1997), (2) orders resolving "all contested issues on the merits . . . leav[ing] only the distribution of the estate assets to be completed, *In re Wade*, 991 F.2d 402, 406 (7th Cir. 1993), as well as (3) orders terminating "what, but for bankruptcy, would be a stand-alone suit by or against the trustee," *In re Szekely*, 936 F.2d 897, 899-900 (7th Cir. 1991).

In the present case, the bankruptcy court's order striking Mr. Lynd's motion to compel for failure to meet Local Bankruptcy Rules 402(B) and 402(E)(1) does not constitute a final order, even under the broader concept of "finality" in the bankruptcy context. The order did not "ultimately determine" Mr. Lynd's position in the bankruptcy proceeding, it did not resolve all contested issues on the merits nor did it terminate what would be a stand-alone suit by or against the trustee. *See, e.g., In re Marina City Assocs.*, 89 C 3453, 1989 WL 206465, at *4 (N.D. Ill. June 7, 1989) (holding that bankruptcy court's denial of motion for turnover order is not a final order because denial did not conclusively resolve the adversary proceeding); *In re Wieboldt Stores, Inc.*, 68 B.R. 578, 580 (N.D. Ill. 1986) (holding that bankruptcy court's striking of application for stay was not a final order because merits of adversarial proceeding had not yet been decided); *see In re Jartran, Inc.*, 886 F.2d 859, 864 (7th Cir. 1989) (noting that "denials of motions to dismiss are generally not final orders, even in the bankruptcy context"). Instead, the bankruptcy court's order striking Mr. Lynd's motion to compel simply highlighted that

Mr. Lynd did not comply with the applicable local rules by his failing to provide notice and timely present his motion. Consequently, Mr. Lynd's appeal is not from a final order.

Next, the Court must determine whether to grant leave to appeal the bankruptcy court's order as an interlocutory appeal. As discussed above, 28 U.S.C. § 158(a)(3) permits the Court, in its discretion, to hear an appeal "with leave of the court . . . from other interlocutory orders and decrees." While section 158(a)(3) does not provide "substantive criteria for permitting this kind of appeal . . . courts in this district generally use the standards set forth in 28 U.S.C. § 1292(b) as a guide." *In re Weinschneider*, No. 99 C 6312, 2000 WL 28269, at *2 (N.D. Ill. Jan. 10, 2000). Section 1292(b) "permits appeals of interlocutory orders that 'involve[] a controlling question of law as to which there is substantial ground for difference of opinion' if 'immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)).

Mr. Lynd has not shown, nor has he argued, that the present appeal involves a disputed and possibly controlling question of law, the resolution of which would help end the present litigation. As such, this Court is not justified in exercising its discretion. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) ("[T]he appellant . . . has the burden of persuading the court . . . that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.") (internal quotations omitted). Instead, he focuses his argument on the merits of his motion to compel. Accordingly, because the bankruptcy court's order was not a final order and because Mr. Lynd has failed to show that the present appeal will

4

"materially advance the ultimate termination of the litigation" thereby justifying this Court's exercise of discretion, this Court lacks jurisdiction under 28 U.S.C. § 158(a) to hear the present matter and declines to grant leave to appeal the bankruptcy court's order as an interlocutory appeal.

To the extent that Mr. Lynd wishes to raise the substantive issues involving his motion to compel, he must do so in his other appeal, case number 04 C 1912. In reviewing the official record, the Court determines that this appeal solely concerns the bankruptcy court's November 3, 2003 order striking Mr. Lynd's motion to compel. It does not concern whether the bankruptcy court properly denied that motion on December 2, 2003. His appeal from that denial is before Judge David. H. Coar.

## CONCLUSION

For the reasons discussed above, David Scot Lynd's appeal from the order of the U.S. Bankruptcy Court for the Northern District of Illinois is dismissed for lack of jurisdiction. This case is hereby terminated.

**SO ORDERED**  ENTERED: 8/5/04

HON. RONALD A. GUZMAN
**United States Judge**